**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
================================================================

MICHAEL MASTROPIETRO, JOHN MOSHER, MICHAEL
MARTELL, JOSEPH P. GROSS, CHRISTOPHER SPRARAGEN
AND BRIAN HART, as Trustees of the I.B.E.W., Local 236 Health
and Benefit Fund and I.B.E.W. Local 236 Annuity Fund, and
I.B.E.W. Local 236,

                                      **COMPLAINT**

                        Plaintiffs,        Civil Action No.: 1:21-CV-1129
                                                              (BKS/ML)

      -against-

BURBANK ELECTRICAL CONTRACTOR, INC.
and DEAN BURBANK,

                        Defendants.
================================================================

       Plaintiffs, by their attorneys, Pozefsky, Bramley & Murphy, complaining of the Defendants, respectfully allege as follows:

## I.    NATURE OF THE ACTION AND JURISDICTION AND VENUE

       1.    This is an action arising under the Employee and Retirement Income Security Act of 1974 [hereinafter referred to as "ERISA"] [29 U.S.C. Section 1001 et seq.]. It is an action by fiduciaries of employee benefit plans for monetary relief to redress violations of Section 515 of ERISA [29 U.S.C. Section 1145].

       2.    Jurisdiction is conferred on this Court by Section 502 of ERISA [29 U.S.C. Section 1132], without respect to the amount in controversy or the citizenship of the parties, as provided in Section 502(f) of ERISA [29 U.S.C. Section 1132(f)].

       3.    Venue is established and properly lies in this Court and district by Section 502(e)(2) of ERISA [29 U.S.C. Section 1132(e)(2)]. It is an action brought in the district where the plans are

1

administered and where the breach took place.

4. This is also an action arising under Section 301(a) of the Labor-Management Relations Act of 1947, as amended (Taft-Hartley Act) [29 U.S.C. Section 185]. It is a suit for, among other things, breach of a contract between an employer and a labor organization representing employees in an industry affecting commerce as defined in the Labor-Management Relations Act of 1947, as amended (29 U.S.C. Section 141, et seq.)

5. Jurisdiction is also conferred on this Court, without respect to the amount in controversy, pursuant to Section 301 of the Labor-Management Relations Act of 1947, as amended [29 U.S.C. Section 185(a)], and pursuant to 28 U.S.C. Sections 1331 and 1337.

6. This is also an action for conversion under New York law. Supplemental jurisdiction is also conferred on this Court for the claim for conversion without respect to the amount in controversy, pursuant to Section 1367 of Title 28 of the United States Code.

## II. DESCRIPTION OF THE PARTIES

7. Plaintiffs, Michael Mastropietro, John Mosher, Michael Martell, Joseph P. Gross, Christopher Spraragen, and Brian Hart, are the Trustees of the I.B.E.W., Local 236 Health and Benefit Fund and the I.B.E.W. Local 236 Annuity Fund, (the "Funds"), which are jointly administered employee labor-management trust funds established and maintained pursuant to a collective bargaining agreement in accordance with Section 302(c)(5) of the Taft-Hartley Act [29 U.S.C. Section 186(c)(5)]. The Funds provide health and benefit and annuity benefits to eligible Participants and Beneficiaries on whose behalf employers contribute to the Funds pursuant to collective bargaining agreements with employers in the electrical construction industry. These Plaintiffs bring this action on behalf of the Funds and their Participants and Beneficiaries. These

Plaintiffs are the fiduciaries of the Funds, as defined in Section 3(21) and 502 of ERISA [29 U.S.C. Section 1002(21) and 1132].

8. Plaintiff I.B.E.W. Local 236 ("the Union") is a labor organization representing employees of employers in an industry affecting commerce, for the purpose of collective bargaining concerning wages, hours and working conditions, as defined in the Taft-Hartley Act [29 U.S.C. Section 152, et seq.], and brings this action on behalf of its members and to enforce its collective bargaining agreement with Defendant Burbank Electrical Contractor, Inc. ("Burbank") as hereinafter described.

9. The Funds are multi-employer plans as defined in Section 3(37) of ERISA [29 U.S.C. Section 1002(37)], and are employee benefit plans, as defined in Section 3(3) of ERISA [29 U.S.C. Section 1003(3)]. The Funds are administered within the Northern District of New York, at 3000 Troy-Schenectady Road, Schenectady, New York 12309.

10. Upon information and belief, Defendant, Burbank is a New York corporation with its principal place of business and office located at 3 Van Buren Road, Glenville, New York 12302 in the Northern District of New York.

11. Upon information and belief, Defendant Dean Burbank is an individual who resides in the Northern District of New York and at all times herein mentioned was and is the President, Chief Operating Officer and a stock holder of Defendant Burbank.

12. Upon information and belief, at all times material hereto, Defendant Burbank, was and is an employer in an industry affecting commerce as defined in Section 3(5) (11) and (12) of ERISA [29 U.S.C. Section 1002(5), (11) and (12)]. At all times herein mentioned, Defendant Burbank agreed to be bound by the Small Works Addendum to the Inside Agreement between Local 236 and the Albany Electric Contractors Association, NECA, Albany Chapter and the Union for the

3

periods from January 1, 2007 to the present (the "Agreement"), with respect to which the Plaintiff Trustees and Funds are third-party beneficiaries. Defendant Burbank's employees who were covered by the said Agreement ("Covered Employees") are participants in employee benefit plans and multi-employer plans maintained pursuant to a collective bargaining agreement, as defined in Section 3(3) and (37) of ERISA [29 U.S.C. Section 1002(3) and (37)]. Defendant was and is obligated to make contributions to the Funds on behalf of said employees in accordance with Section 515 of ERISA [29 U.S.C. Section 1145].

### III.  FIRST CAUSE OF ACTION ON BEHALF OF THE HEALTH AND BENEFIT AND ANNUITY FUNDS AGAINST DEFENDANT BURBANK

13. Plaintiffs repeat and reallege each and every allegation contained in paragraph's "1" through "12," inclusive, of this Complaint as if set forth fully at this point.

14. Section 515 of ERISA [29 U.S.C. Section 1145] provides that: "Every employer who is obligated to make contributions to a multi-employer plan under the terms of the plan or under the terms of a collectively bargained agreement, shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."

15. Section 502(g)(2) of ERISA [29 U.S.C. Section 1132(g)(2)] provides that:

"(2) In any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 [29 USCS Section 1145] in which a judgment in favor of the plan is awarded, the court shall award the plan:

(A)  the unpaid contributions,

(B)  interest on the unpaid contributions,

(C)  an amount equal to the greater of –

   (i)  interest on the unpaid contributions, or

    (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

(D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and

(E) such other legal or equitable relief as the court deems appropriate. For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under Section 6621 of the Internal Revenue Code of 1954 [26 USCS Section 6621]."

16. Defendant Burbank is obligated under the Agreement and the Trust Agreements and rules and practices of the Funds, *inter alia*, to submit to the Funds monthly written reports ("Reports") describing the employees of Defendant Burbank covered by the Agreement, the hours worked by such Covered Employees and the payments or contributions to be made for such Covered Employees, and to file such Reports and make payment to Plaintiffs of all amounts due as shown thereon, no later than 15 calendar days following the end of each calendar month in which the work covered by the Agreement is performed.

17. In addition to the foregoing payments, pursuant to the Agreement and Section 502(g)(2) of ERISA [29 U.S.C. Section 1132(g)(2)], Defendant Burbank is liable not only for the amount of contributions due, but also for interest on the unpaid contributions, for an additional amount equal to the greater of interest on the unpaid contributions or liquidated damages, for collection expenses, including, but not limited to, reasonable attorneys' fees and accounting expenses incurred or to be incurred to obtain and/or ascertain the amount of delinquencies, and for such other interest, additional sums and costs as provided in ERISA.

18. Defendant Burbank has filed Reports for the period of April, 2019 through February, 2020 but has failed and refused, and continues to fail and refuse, to make the required payments and

contributions shown to be due thereon, when due, for employees covered by the Agreement during said months. Defendant Burbank owes required interest thereon by reason of its failure to make required payments and contributions, when due.

19. According to the Reports filed by Defendant Burbank for the months of April, 2019 through February, 2020, the amounts are now due to the Funds from Defendant Burbank for those months, subject to audit, are as follows:

      (a)    $29,444.47 to the Health and Benefit Fund

      (b)    $3,680.57 to the Annuity Fund

The total for both Funds comes to $33,125.04.

20. Defendant Burbank owes interest for the months of April, 2019 through February, 2020 in the amount of $1,514.89 calculated through October 5, 2020. Interest will continue to be owed until contributions for the months of April, 2019 through February, 2020 are paid, calculated at 2 percentage points over prime rate, from due dates until dates of payment.

21. Defendant Burbank employed Covered Employees for subsequent months after February, 2020 and also owes Reports and payments for such subsequent months.

22. Defendant Burbank also owes interest in the amount of $344.65 for late payments for the months of October and December, 2018 and January and February, 2019.

23. As a consequence of the foregoing, Defendant Burbank has failed, refused or neglected to perform its obligations under the Agreements and the Trust Agreements and the rules and practices of the Funds and ERISA, despite demands that Defendant Burbank perform its said obligations.

### IV. SECOND CAUSE OF ACTION ON BEHALF OF THE UNION AGAINST DEFENDANT BURBANK

24. Plaintiffs repeat and reallege each and every allegation contained in paragraph's "1" through "23," inclusive, of this Complaint, as if set forth fully at this point.

(a) **Working Dues**

The Agreements obligated Defendant Burbank to deduct Union Dues from the gross weekly wages of each of Defendant's Union-member employee covered by the Agreement employed by Defendant Burbank under the Agreement and to remit them to the Union no later than 15 calendar days following the end of each calendar month in which the work covered by the Agreement is performed and in which they were deducted. Upon information and belief, Defendant Burbank has deducted said Union Dues from the wages of each said Covered Employees, as aforesaid, but has failed and refused and continues to fail and refuse to remit the same to the Union for the months of April, 2019 through February, 2020, as required by the Agreements. According to the Reports filed by Defendant Burbank, for the months of April, 2019 through February, 2020, the amount that is now due to the Union for said months is $3,650.74. In addition, upon information and belief, Defendant Burbank deducted and failed to remit Union Dues for months subsequent to February, 2020 in which it employed Covered Employees.

(b) **JATC**

The Agreement obligated Defendant Burbank to make payments to the Joint Apprenticeship Training Committee for each hour of work for each of Defendant's said employees covered by the Agreement no later than 15 calendar days following the end of each calendar month in which the work covered by the Agreement is performed. Defendant Burbank has failed and refused and continues to fail and refuse to make the required payments to the JATC for the months of April, 2019 through February, 2020. According to the Reports filed by Defendant Burbank for the months

of April, 2019 through February, 2020, the amount that is now due to the JATC for said months is $1,840.30. In addition, Defendant Burbank employed Covered Employees for subsequent moths after February, 2020 and failed to file Reports and make required payments to the JATC for such months.

### V.     THIRD CAUSE OF ACTION ON BEHALF OF THE HEALTH AND BENEFIT AND ANNUITY FUNDS AND THE UNION AGAINST DEFENDANT BURBANK

25.    Plaintiffs repeat and reallege each and every allegation contained in paragraph's "1" through "24," inclusive, of this Complaint, as if set forth fully at this point.

26. An audit of Defendant Burbank's books and records was conducted on behalf of Plaintiffs by the auditing firm Joseph W. McCarthy & Associates, 7738 Oswego Road, Liverpool, New York 13090.

27.    The audit revealed that Defendant Burbank owes the additional amounts of $4,460.00 to the Health and Benefit Funds, $557.50 to the Annuity Fund, $278.75 to the J.A.T.C. and $657.61 to the Union.

### VI.    FOURTH CAUSE OF ACTION ON BEHALF OF THE HEALTH AND BENEFIT AND ANNUITY FUNDS AGAINST DEFENDANT DEAN BURBANK

28.    Plaintiffs, Health and Benefit and Annuity Funds repeat and reallege each and every allegation contained in Paragraphs "1" through "27," inclusive, as if set forth fully at this point.

29.    Section 3(21) (A) of ERISA (29 U.S.C. Section (21) (A)) in pertinent part defines a person as a "fiduciary" of an ERISA plan to the extent "(i) he exercises any...authority or control respecting...disposition of its assets."

30. Amounts owing to the Funds, as ERISA Funds, became assets of the Funds on the dates that Defendant Burbank was required to contribute those amounts to the Funds.

31. Upon information and belief, during all times relevant herein, Defendant Dean Burbank, as President, Chief Executive Officer and Stockholder of Defendant Burbank, was ultimately responsible for determining the corporate accounts of Defendant Burbank into which deposits were made, including payments from jobs performed by Defendant Burbank's Covered Employees, the creditors and other employees of Defendant Burbank to whom or for whom payments, credits, and offsets were made, the suppliers with whom Defendant Burbank did business, and the payments to be made to them, the rent or rent equivalent to be payed by Defendant Burbank, and the order, amount, and timing of all such payments, and he ultimately was responsible for the disposition of the income and assets of Defendant Burbank, including whether and when to pay the amounts Defendant Burbank owed to the Fund.

32. Thus, upon information and belief, Defendant Dean Burbank was ultimately responsible for and controlled decisions regarding the payments or non-payments of amounts owing to the Funds.

33. By reason of the foregoing, upon information and belief, Defendant Dean Burbank exercised authority and control over the management of Defendant Burbank and the disposition of ERISA plan assets.

34. By reason of the foregoing, upon information and belief, Defendant Dean Burbank, at all times relevant to this lawsuit, was and continues to be a fiduciary of the Funds under Section 3(21)(A) of ERISA because he "exercise[d]...any authority or control respecting...disposition of [plan] assets..."

35. As such fiduciary, Defendant Dean Burbank under Sections 404 and 406 of ERISA (29 U.S.C. Sections 1104 and 1106), owed the Funds a duty to use the Funds' assets only for permissible purposes of the Funds and not for any purposes that would otherwise benefit Defendant Burbank or Defendant Dean Burbank.

36. Upon information and belief, Defendant Dean Burbank breached his fiduciary duty owed to the Funds and became personally liable to the Funds by diverting or authorizing the diversion of assets of the Funds (amounts due and owing from Defendant Burbank to the Funds) for his own use and benefit or the use and benefit of others, to the extent that he failed to segregate or to see to the segregation of monies needed by Defendant Burbank to pay the Funds, by making or authorizing payments to or for the benefit of other creditors of Defendant Burbank with these assets, and by not paying or contributing them to the Funds or directing that they be paid or contributed to the Funds on behalf of Defendant Burbank, as required, and by otherwise using said assets of the Funds or permitting said assets of the Funds to be used for purposes other than those allowable under ERISA and the applicable documents controlling the Funds.

37. Plaintiffs Trustees of the Funds have suffered damages in the amounts set forth with respect to the above as a result, upon information and belief, of Defendant Dean Burbank's breach of fiduciary duty, because the Funds have not received the payments due and owing to them from Defendant Burbank, thereby impairing their ability to realize investment gains and to pay benefits promised to Participants and Beneficiaries of the Funds.

38. Upon information and belief, Defendant Dean Burbank is liable to the Funds for the aforesaid damages pursuant to Section 409 of ERISA (29 U.S.C. Section 1109), which creates personal liability of fiduciaries for breach of ERISA fiduciary duties.

### VII. FIFTH CAUSE OF ACTION, ON BEHALF OF THE UNION AGAINST DEFENDANT BURBANK AND DEAN BURBANK

39. Plaintiff Union repeats and realleges each and every allegation contained in paragraph's "1" through "38," inclusive, of the Complaint, as if set forth fully at this point.

40. To the extent that the foregoing Union Dues were deducted from the gross wages of employees, such monies represent monies earned by said employees but not paid to them or for their benefit, and accordingly, such Union Dues have been wrongfully converted.

41. This Court has jurisdiction over this cause of action for conversion pursuant to Section 1367 of Title 28 of the United States Code, because the claim is related to the claims of the Funds and the Union alleged in the first three causes of action herein. This claim is part of the same case or controversy involving Defendant Burbank, arises under the same Agreement, involves the same employees, the same corporate Defendant, the same work and hours of work and the same requirements for filing Reports and remitting and making required payments or contributions no later than 15 calendar days following the end of each calendar month in which the work covered by the Agreement is performed.

42. This conversion claim does not raise a novel or complex issue of State law, nor does this conversion claim substantially predominate over the Federal claims alleged in the first three causes of action in this Complaint.

43. There are no other compelling reasons for this Court to decline jurisdiction over the conversion claim alleged in this fourth cause of action.

### VIII. SIXTH CAUSE OF ACTION ON BEHALF OF PLAINTIFFS AGAINST BOTH DEFENDANTS

11

44. Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "43" inclusive of this Complaint as if set forth fully at this point.

45. By reason of the failure and refusal by Defendant Burbank to make the foregoing required payments and to file required monthly Reports subsequent to February, 2020 and make monthly payments as required for such months, the assets of the Health and Benefit Fund, and Annuity Funds are reduced and they are unable to determine the proper entitlement to benefits of each Covered Employee participant employed by Defendant Burbank. Accordingly, said Funds are unable to compile adequate and accurate records for participants and have suffered loss of investment income, and as a consequence, the entitlement of each participant is affected adversely and the income available is diminished and the ability of said Funds to pay benefits to Covered Employees of Defendant Burbank who are participants in said Funds, and their beneficiaries, and to other participants and their beneficiaries, is diminished.

46. By reason of the foregoing, the Defendant Burbank's violation of the requirements of the Agreement, the Trust Agreements, as amended, and ERISA, Plaintiffs are entitled to equitable as well as legal relief as provided in Section 502(g)(2)(E) of ERISA, as set forth in Paragraph 14 above.

47. Plaintiffs have no adequate remedy at law for the harm and damage done or threatened to be done by reason of the impact of Defendant Burbank's failure to file required Reports and Defendant Burbank's delinquencies on the participants and beneficiaries of the Funds, who may have their eligibility for benefits and/or their benefits reduced or diminished. Plaintiffs and such participants and beneficiaries will suffer immediate, severe, continuing and irreparable harm if Defendant Burbank is not ordered to comply with and specifically perform its obligations under the Agreement and ERISA unless Defendant Burbank is enjoined and restrained from further violations and refusals to perform as required thereunder.

48.     Unless Defendant Burbank is enjoined from further breaching the Agreement and from violating ERISA, Plaintiffs and the participants and beneficiaries of the Funds will suffer greater harm than will be suffered by Defendant Burbank in the event that the injunctive relief requested herein is granted.

### IX.    FOR ALL CAUSES OF ACTION

49.     Defendant Burbank is responsible for (a) the charges for service of process herein in the estimated amount of $40.00; (b) the Federal Court filing fee in the amount of $400.00 for the commencement of this action; (c) attorneys' fees in the anticipated amount of $3,500.00 incurred or to be incurred by Plaintiffs through the filing and service of the Summons and Complaint in this action; (d) additional anticipated attorneys' fees of not less than $1,500.00 to be incurred in the event a Default and Default Judgment or Consent or Partial Consent Judgment is entered herein; and (e) any additional attorneys' fees incurred by Plaintiffs during the pendency of this action and the collection of a Default Judgment, Consent or Partial Consent Judgment or any other Judgment obtained herein.

### X.     PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs demand the following relief against Defendants:

A.      <u>On the First Cause of Action</u>

| | | |
|---|---|---|
| 1. | Health and Benefit Fund | $22,422.00 |
| 2. | Annuity Fund | $2,802.76 |
| 3. | Interest through September 15, 2021<br>*plus interest to date of full payment of delinquent amounts | $2,836.17* |

|   |     |                          |             |
|---|-----|--------------------------|-------------|
|   | 4.  | Interest on late Payments | $344.65    |
| B. | <u>On the Second Cause of Action</u> | | |
|   | 3.  | Working Dues             | $3,650.74   |
|   | 4.  | JATC                     | $1,401.42   |
| C. | <u>On the Third Cause of Action</u> | | |
|   | 5.  | Health and Benefit Fund  | $4,460.00   |
|   | 6.  | Annuity Fund             | $557.50     |
|   | 7.  | JATC                     | $278.75     |
|   | 8.  | Working Dues             | $657.61     |
| D. | <u>On the Fourth Cause of Action</u> | | |
|   | 9.  | Health and Benefit Fund  | $22,422.00  |
|   | 10. | Annuity Fund             | $2,802.76   |
| E. | <u>On the Fifth Cause of Action</u> | | |
|   | 11. | Working Dues             | $3,605.74   |
| F. | <u>On the Sixth Cause of Action</u> | | |

12. A preliminary and/or permanent injunction enjoining and restraining Defendant Burbank, its officers, employees, agents or any other person or entity acting on Defendant Burbank's behalf, from:

(A) failing to immediately prepare and file required monthly written Reports for all months subsequent to February, 2020 in which it employed Covered Employees, during the pendency of this action and the duration of the Agreement;

    (B) violating the terms and requirements of the Agreement, the Trust Agreement, as amended, and ERISA, insofar as the same pertain to the actions required to be taken by Defendant Burbank, as set forth herein, and by failing and refusing to make the aforesaid payments for all months described in the Complaint, and for all future months during the pendency of this action and the duration of the Agreement; and

    (C) transferring or disposing of assets of any kind, including but not limited to accounts receivable or equipment, to any person or entity, pending further order of this Court;

  E. <u>On All Causes of Actions Against Defendants As Applicable</u>

    1. Back interest of $344.65 plus interest of $2,836.17 for April, 2019 through February, 2020 calculated to September 15, 2021, together with all additional interest on amounts not paid when due at the rate of 2% over the prime rate until date of full payment.

    2. Additional amounts, if any, pursuant to written Reports hereafter filed or audits during the pendency of this action, together with interest thereon, if applicable;

    3. Attorneys' fees and expenses in connection with this proceeding, including (a) the anticipated amount of $3,500.00 through the filing and service of the Summons and Complaint herein on behalf of the ERISA Funds; (b) an additional anticipated amount of $1,500.00 in the event a Default Judgment, Partial Default Judgment, Consent Judgment or Partial Consent Judgment is entered herein on behalf of the ERISA Funds; (c) together with the $400.00 filing fee for this action, $40.00 for service of process on the Secretary of State on Defendant Burbank and an estimated amount of $100.00 for service of process on the individual Defendant Dean Burbank; together with other costs and disbursements of this action;

4. Additional reasonable attorneys' fees incurred by Plaintiffs during the pendency of this action and the collection of any Judgment entered herein, if applicable;

5. An order directing that this Court retain jurisdiction of this action pending full compliance with all orders and judgments herein.

6. Such other and further relief as the Court may deem just and proper.

DATED: October 15, 2021

POZEFSKY, BRAMLEY & MURPHY

By: _____
William Pozefsky, Esq.
Bar Roll No.: 102388
Attorneys for Plaintiffs
Office and Post Office Address
90 State Street, Suite 1405
Albany, New York 12207
Telephone: (518) 434-2622
Email: wpozefsky@pbmlaw.net

C:\FileServer\2021\Client Disc\L236 (49)\Burbank Electric\Complaint - October 2021.wpd