UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MICHAEL MASTROPIETRO, JOHN MOSHER,
MICHAEL MARTELL, JOSEPH P. GROSS,
CHRISTOPHER SPRARAGEN, and BRIAN HART, as       1:21-cv-1129 (BKS/ML)
Trustees of the I.B.E.W., Local 236 Health and Benefit
Fund and I.B.E.W. Local 236 Annuity Fund, and I.B.E.W.
Local 236,

          Plaintiffs,

v.

BURBANK ELECTRICAL CONTRACTOR, INC. and
DEAN BURBANK,

          Defendants.
_____

**Appearance:**

*For Plaintiffs:*
William Pozefsky
Pozefsky, Bramley & Murphy
90 State Street, Suite 1405
Albany, NY 12207

**Hon. Brenda K. Sannes, Chief United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

**I. INTRODUCTION**

    Plaintiffs Michael Mastropietro, John Mosher, Michael Martell, Joseph P. Gross, Christopher Spraragen, and Brian Hart, as trustees of the I.B.E.W. Local 236 Health and Benefit Fund, the I.B.E.W. Local 236 Annuity Fund (collectively, the "Funds"), and I.B.E.W. Local 236 (the "Union"), filed this action against Defendants Burbank Electrical Contractor, Inc. ("Burbank") and Dean Burbank, alleging that Defendants violated the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., and the Labor-Management

Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. § 141 et seq., and committed conversion under New York state law. (Dkt. No. 1). On April 6, 2023, the Court granted Plaintiffs' renewed motion for default judgment. (Dkt. No. 22). Presently before the Court is Plaintiffs' supplemental application for attorney's fees. (Dkt. No. 23). Defendants have not responded to Plaintiffs' supplemental application. For the following reasons, Plaintiffs' application is granted.

## II. SUPPLEMENTAL APPLICATION FOR ATTORNEY'S FEES

The Court assumes familiarity with the facts of this case, as set forth in its previous decisions. (Dkt. Nos. 16, 22). In connection with Plaintiffs' renewed motion for default judgment, Attorney William Pozefsky stated that he "did not keep contemporaneous time records" for the fees he will bill his clients but that he "could conservatively re-construct time records by reference to contemporaneous emails, drafts, notes and documents," and he requested the Court's permission to do so. (Dkt. No. 20-5, ¶ 20). The Court granted this request. (Dkt. No. 22, at 14, 16).

Attorney Pozefsky now submits a supplemental affidavit in support of a request for attorney's fees along with reconstructed time records for work performed prior to October 17, 2022. (Dkt. No. 23-1). The reconstructed time records "begin in 2019 with attempts to collect the delinquencies" and cover "work up to and including the entry of default and the filing of the initial Motion for Default Judgment in March of 2022." (*Id.* at 1–2). Based on these records, Attorney Pozefsky conservatively estimates that he spent 15.6 hours on this matter prior to October 17, 2022. (*Id.* at 2; *see id.* at 3–7 (reconstructed time records)).

The Court concludes that the number of hours expended by Attorney Pozefsky between February 2019 and October 2022 is reasonable. *See Trs. of Pavers & Road Builders Dist. Council Welfare, Pension, Annuity & Apprenticeship, & Skill Improvement & Safety Funds v.*

*Kel-Tech Constr. Inc.*, No. 19-cv-2487, 2020 WL 6051097, at *9, 2020 U.S. Dist. LEXIS 155405, at *25 (E.D.N.Y. Aug. 25, 2020) (concluding that 22.5 hours of attorney work was "within the range of hours expended in similar ERISA cases involving default judgment"). Further, the Court previously held that Attorney Pozefsky's hourly rate of $250 is reasonable. (Dkt. No. 22, at 14). Thus, the Court awards $3,900 in attorney's fees for work performed prior to October 17, 2022. This amount is in addition to amounts already awarded to Plaintiffs in connection with the renewed motion for default judgment. (*See generally* Dkt. No. 22).

### III.   CONCLUSION

For these reasons, it is hereby

**ORDERED** that Plaintiffs' supplemental application for attorney's fees (Dkt. No. 23) is **GRANTED**; and it is further

**ORDERED** that Plaintiffs are awarded judgment against Defendant Burbank Electrical Contractor, Inc. and Defendant Dean Burbank, jointly and severally, for the sum of $3,900.00 in attorney's fees; and it is further

**ORDERED** that Plaintiffs serve copies of this Memorandum-Decision and Order on Defendants and file a certificate of service.

**IT IS SO ORDERED.**

Dated: July 5, 2023
Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge